UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CONNER ANTHONY HATHAWAY, | CASE NO. 2:22-cv-00567-JHC |
| Plaintiff, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## I.

### INTRODUCTION

This matter comes before the Court on Plaintiff Conner Anthony Hathaway's complaint against the United States of America. Dkt. # 5. Mr. Hathaway is proceeding *pro se* and *in forma pauperis* ("IFP"). Dkt. # 4. Under 28 U.S.C. § 1915(e), district courts have authority to review IFP complaints and must dismiss them "at any time" if it is determined that a complaint is malicious or frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2)(B); *see also id.* § 1915A(b)(1); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings, not only those filed by prisoners). The Court has reviewed Mr. Hathaway's

ORDER - 1

complaint and has determined that the action fails to state a claim upon which relief can be granted and seeks relief from a defendant who is immune from such relief. Accordingly, the Court DISMISSES Mr. Hathaway's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court GRANTS Mr. Hathaway leave to amend his complaint.

## II.

### BACKGROUND

Mr. Hathaway filed a motion to proceed IFP and a proposed complaint on April 27, 2022. Dkt. # 1. Magistrate Judge S. Kate Vaughan granted the IFP motion on May 12, 2022, Dkt. # 4, and Mr. Hathaway then filed his complaint, Dkt. # 5.

Mr. Hathaway alleges that he received inadequate medical care at the Federal Detention Center in SeaTac, Washington after he was arrested for a probation violation on November 10, 2020. *See generally* Dkt. # 5. Mr. Hathaway alleges that medical providers at the facility subjected him to cruel and unusual punishment, committed medical malpractice and medical negligence, and acted with deliberate indifference[1] in refusing to treat him properly for severe alcohol withdrawal. *Id.* He brings his claims against the "United States of America." *Id.* at 1.

## III.

### ANALYSIS

A. Standard of Review

Title 28 U.S.C. §1915(e)(2)(B) authorizes a district court to dismiss a claim filed IFP "at any time" if it determines: (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief. *See* 28

---

[1] Mr. Hathaway refers to "discriminatory indifference" throughout his complaint. Because the standard for suing state officials under 42 U.S.C. § 1983 and federal officials in a *Bivens* actions is "deliberate indifference," this order refers to it as such.

ORDER - 2

U.S.C. § 1915(e)(2)(B).  Because Mr. Hathaway is a *pro se* plaintiff, the Court must construe his pleadings liberally.  *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).  Nonetheless, his complaint must still contain factual allegations "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Court need not accept as true a legal conclusion presented as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the pleading standard announced by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555) (requiring the plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see* Fed. R. Civ. P. 8(a).

B. Mr. Hathaway's Complaint

Mr. Hathaway relies on 42 U.S.C. § 1983 as the basis for his lawsuit, and names the "United States of America" as the defendant.  Dkt. # 5.  To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that: (1) they suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a **person** acting under color of **state law**.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  The United States of America is not a proper defendant in a § 1983 action because it does not act under color of state law, nor can it be considered a "person" under the act.  *Accardi v. United States,* 435 F.2d 1239, 1241 (3rd Cir. 1970); *International Islamic Cmty. of Masjid Baytulkhaliq, Inc. v. U.S.,* 981 F. Supp. 352, 366 (D. V. I. 1997), aff'd, 17 F.3d 472; *United States v. Vital Health Products, Ltd.,* 786 F. Supp. 761, 778 (E. D. Wis. 1992), aff'd, 985 F.2d 562.  Moreover, the United States may not be sued without its consent.  *United States v. Mitchell,* 463 U.S. 206, 212 (1983); *Hutchinson v. United States,* 677 F.2d 1322, 1327 (9th Cir. 1982).

A more appropriate cause of action for Mr. Hathaway's claims would be "an action under the authority of *Bivens* [*v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)]." *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987). A *Bivens* action is the "federal analog to an action against state or local officials under § 1983," and is the proper vehicle for "seek[ing] to hold federal officers individually liable for constitutional violations." *Starr v. Baca*, 652 F.3d 1202, 1206 (9th Cir. 2011). However, even if the Court liberally construes Mr. Hathaway's claim as a *Bivens* action, his complaint fails because it names the United States of America as the sole defendant, rather than the medical providers or facilities staff allegedly responsible for the constitutional violations. *See Thomas-Lazear v. F.B.I.*, 851 F.2d 1202, 1207 (9th Cir. 1988) ("[T]he United States has not waived its sovereign immunity in actions seeking damages for constitutional violations"); *Arnsberg v. United States,* 757 F.2d 971 (9th Cir. 1985) ("*Bivens* does not provide a means of cutting through the sovereign immunity of the United States itself" (citing *Holloman v. Watt,* 708 F.2d 1399, 1401–02 (9th Cir. 1983)). Because Mr. Hathaway has named a defendant that is immune from suit, and because no statutory waiver of sovereign immunity exists in this case, his complaint must be dismissed even if construed liberally as a *Bivens* action.

C.  Leave to Amend

When dismissing a complaint, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile."); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (stating that a district court should not dismiss a *pro se* complaint without leave to amend unless "it is absolutely clear that the

deficiencies of the complaint could not be cured by amendment" (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203 (9th Cir. 1988))).

Mr. Hathaway does allege facts that may sufficiently plead a *Bivens* action, *see, e.g.*, *Carlson v. Green,* 446 U.S. 14 (1980), and therefore his complaint should not be dismissed with prejudice.  However, if he wishes to sustain his claims as such, he must replace the defendant, "United States of America," with the federal officials who allegedly violated the constitutional rights in question and specify that he is seeking to hold them liable in their individual capacities. *Daly-Murphy v. Winston,* 837 F.3d 348, 355 (9th Cir. 1987) ("a *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity.").  Thus, the Court GRANTS Mr. Hathaway leave to amend his complaint.  If Mr. Hathaway chooses to file an amended complaint as to these claims, he shall do so within fourteen (14) days of this order.  If Mr. Hathaway fails to timely file an amended complaint that remedies the above deficiencies, the Court will dismiss his claims with prejudice.

## IV.

### CONCLUSION

For the foregoing reasons, the Court DISMISSES Mr. Hathaway's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) without prejudice.  The Court GRANTS Mr. Hathaway leave to amend his complaint within fourteen (14) days of this order.

Dated this 1st day of June, 2022.

John H. Chun
United States District Judge