THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CONNER ANTHONY HATHAWAY,

Plaintiff,

v.

UNITED STATES OF AMERICA; SCOTTIE
A. BUSSELL, M.D., M.P.H.; JOHN AND
JANE DOE NOS. 1 to 9,

Defendants.

No. C22-0567-JHC

**FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF**

## INTRODUCTORY STATEMENT

Plaintiff Conner Hathaway ("Plaintiff") suffered the debilitating effects of severe alcohol withdrawal while incarcerated at the SeaTac Federal Detention Center ("FDC SeaTac"). While Plaintiff was detained, medical providers at the facility subjected him to cruel and unusual punishment, committed medical malpractice and medical negligence, and acted with deliberate indifference by refusing to treat his several alcohol withdrawal over the course of several days.

Plaintiff seeks compensatory damages from Defendant United States of America ("United States") under the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and 2671–2680

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 1
No. C22-0567-JHC

**CORR CRONIN LLP**
1015 Second Avenue, 10th Floor
Seattle, Washington 98104
Tel (206) 625-8600
Fax (206) 625-0900

("FTCA") due to grossly negligent failure to adhere to the prevailing professional standard of care for severe alcohol withdrawal, which is generally recognized among reasonably prudent health care professionals and described in the government's own clinical guidance. Plaintiff further seeks compensatory damages, punitive damages, and injunctive relief from Defendants Scottie A. Bussell, M.D., M.P.H, and other unidentified federal employees of FDC SeaTac, for violation of Plaintiff's constitutional rights under the legal framework set out in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

### JURISDICTION AND VENUE

1.      This action arises under the Constitution and the laws of the United States, including the FTCA. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§ 1331 & 1346(b). Further, this Court has jurisdiction over *Bivens* claims under 28 U.S.C. §§ 1331 & 2201.

2.      Under the FTCA, Plaintiff submitted a claim to the appropriate federal agency for administrative settlement with a request for $1,920,000 on or about May 5, 2021.

3.      On November 18, 2021, the Federal Bureau of Prisons ("the Agency") denied Plaintiff's claim. Plaintiff has thus exhausted all available administrative remedies under the FTCA. *See* **Exhibit A**.

4.      The initial Complaint in this matter was timely filed on April 27, 2022. *See* 28 U.S.C. § 2401(b).

5.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) & (c) & 1402(b). The underlying events related to Plaintiff's claims occurred in this district, and Plaintiff resides in Snohomish County, Washington, which is within the jurisdiction of this

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 2
No. C22-0567-JHC

Court.

## PARTIES

6.     Plaintiff Conner Hathaway resides in Snohomish County, Washington. During the relevant time period, he was temporarily detained after arrest for a probation violation at FDC SeaTac.

7.     Defendant United States of America is the appropriate defendant for claims brought under the FTCA.

8.     Defendant Scottie Bussell was a Medical Officer at the Bureau of Prisons working at FDC Seatac. At the relevant times, Defendant Bussell was the primary physician responsible for Plaintiff's medical care during his detention. Upon information and belief, Defendant Bussell is one of the 100 highest-paid employees of the Bureau of Prisons. Upon information and belief, Defendant Bussell is not a member of the U.S. Public Health Service. Defendant Bussell is sued in his individual capacity.

9.     Plaintiff reserves the right to amend the complaint to name additional defendants working at FDC SeaTac (the "Doe Defendants"). Upon information and belief, the Doe Defendants were also responsible for Plaintiff's medical care during his detention and/or responsible for implementing policies and training, including but not limited to oversight of Defendant Bussell. If sued, the Doe Defendants will be sued in their individual capacity.

## FACTS

**Plaintiff is Detained at FDC SeaTac**

10.     Plaintiff was under federal probation in November 2020.

11.     During that period, Plaintiff and his probation officer had been discussing Plaintiff's abuse of and dependence on alcohol. Plaintiff's probation officer was working with

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 3
No. C22-0567-JHC

CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, Washington 98104
Tel (206) 625-8600
Fax (206) 625-0900

Plaintiff to secure a bed for inpatient alcohol detoxification treatment.

12.     On Nov 10, 2020, Plaintiff's probation officer was on vacation. That morning, after Plaintiff called the police to assist him with a domestic matter, Plaintiff was arrested for a probation violation for consuming alcohol.

13.     Plaintiff was transported to court for an initial detention hearing. At that point, Plaintiff had not consumed alcohol for several hours, and was already showing signs of alcohol withdrawal symptoms, including profuse sweating. Plaintiff's counsel at the detention hearing raised the issue of Plaintiff's alcohol withdrawal symptoms, and argued that FDC SeaTac would not be able to provide sufficient medical care during detention for alcohol withdrawal. Even though Plaintiff had initiated the police contact that morning, he was considered a flight risk and detained.

14.     Plaintiff was booked into custody at FDC SeaTac at around 5 PM on November 10, 2020.

**Defendants were Actually Aware of Plaintiff's Need for Urgent Medical Care**

15.     During the initial health services assessment, Plaintiff provided information regarding his alcohol consumption and dependence. Plaintiff reported to medical personal that he had been drinking between a fifth (750 ml) and one quarter-gallon of vodka per day for most of 2020. Plaintiff disclosed that he had been self-admitted to detox three times previously in 2020 and that he would require medical care for alcohol detoxification.

16.     Medical professionals and the Agency are aware of the importance of providing appropriate medical care to address withdrawal in detainees. Failure to manage withdrawal symptoms can lead to serious health complications, including anxiety, depression, seizures, vomiting, dehydration, hypernatremia, heart problems, hallucinations, tremors, and death.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 4
No. C22-0567-JHC

CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, Washington 98104
Tel (206) 625-8600
Fax (206) 625-0900

17.     Upon information and belief, Defendants were aware that severe alcohol withdrawal can cause seizures and death.

18.     In fact, alcohol is involved in approximately three-quarters of withdrawal-related deaths that are reported in correctional facilities.

19.     According to the Agency's Clinical Guidance (Medically Supervised Withdrawal for Inmates with Substance Use Disorders), the safe and effective treatment of withdrawal syndromes requires that clinicians be alert to the possibility of withdrawal in all new inmate arrivals.

20.     Despite Defendants' awareness of Plaintiff's condition and medical needs, Plaintiff was housed in the general population in a remote cell and assigned a top bunk, and scheduled a follow-up check for twelve hours later.

**Plaintiff is Taken to a Hospital and Prescribed Treatment for Severe Withdrawal**

21.     The next morning, Defendants examined Plaintiff and discovered that he was suffering extreme symptoms from severe alcohol withdrawal. Plaintiff had severe alcohol withdrawal tremors, agitation, and recurring hallucinations.

22.     Defendants administered the Clinical Institute Withdrawal Assessment Alcohol Scale Revised ("CWA") to Plaintiff, and reported Plaintiff's score on November 11 as "25+".

23.     Defendants arranged for an ambulance to take Plaintiff to the Emergency Room at Highline Hospital to be evaluated for alcohol withdrawal.

24.     The physician at the hospital diagnosed Plaintiff with severe alcohol withdrawal and prescribed Librium in order to treat Plaintiff's medical condition.

25.     Upon information and belief, FDC SeaTac does not have Librium available to dispense to patients.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 5
No. C22-0567-JHC

**CORR CRONIN LLP**
1015 Second Avenue, 10th Floor
Seattle, Washington 98104
Tel (206) 625-8600
Fax (206) 625-0900

26.     Upon information and belief, FDC SeaTac has Lorazepam, which is a medically appropriate substitute for Librium, available to dispense to patients.

**Defendants Refuse to Treat Plaintiff for Severe Withdrawal**

27.     On the morning of November 12, however, Defendants disregarded the diagnosis and treatment plan for Plaintiff's severe alcohol withdrawal and denied Plaintiff access to the medication needed to treat his condition.

28.     Defendant Bussell was actually aware that Plaintiff was suffering from severe alcohol withdrawal, with symptoms of nausea, tremors, agitation, and hallucination, and that Plaintiff's CWA score had been "25+".

29.     The Agency's clinical guidance specifies that these symptoms require immediate medical attention, and strongly recommends hospitalization for CWA scores above 20.

30.     Despite being actually aware of these facts, Defendant Bussell discontinued Plaintiff's prescription for Lorazepam in clear violation of Agency policy and medical standards.

31.     The Agency's clinical guidelines state that Lorazepam is the recommended benzodiazepine for managing alcohol withdrawal in most inmates. Benzodiazepines are the mainstay of alcohol withdrawal treatment in the correctional setting. Patients showing signs of delirium tremens should be treated immediately with benzodiazepine and transferred to a local hospital.

32.     Even though Plaintiff informed Defendant Bussell of the quantity of alcohol he was consuming on a daily basis, Defendant Bussell understated and downplayed the amount of daily consumption as "less than a pint" per day.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 6
No. C22-0567-JHC

**CORR CRONIN LLP**
1015 Second Avenue, 10th Floor
Seattle, Washington 98104
Tel (206) 625-8600
Fax (206) 625-0900

33.    The Agency's clinical guidelines instruct clinicians to carefully consider inmate substance use history, especially when inmates are dependent on more than one substance.

34.    Upon information and belief, Defendant Bussell intentionally recorded Plaintiff's CWA score as a "9" instead of as a "19", which was the correct number. A CWA score of 19—together with a CWA score above 20 the prior day—unambiguously denotes severe alcohol withdrawal and suggests the need for hospitalization.

35.    Defendant Bussell replaced the treatment plan for severe alcohol withdrawal with a prescription for gabapentin, which is only appropriate only for MILD alcohol withdrawal.

36.    Defendants knew or should have known that gabapentin is not effective to treat delirium tremens and severe alcohol withdrawal symptoms.

37.    Plaintiff protested this change, as even Plaintiff knew that gabapentin was not appropriate to address severe alcohol withdrawal, especially in the initial and most dangerous phase. Plaintiff informed Defendant Bussell that during previous treatments for alcohol withdrawal he had been prescribed gabapentin only after 4 to 5 days of supervised medical treatment for severe alcohol withdrawal.

**Plaintiff Suffered Severe Pain and Suffering Due to Defendants' Actions**

38.    After being unreasonably, deliberately denied treatment for severe alcohol withdrawal, Plaintiff suffered a panoply of debilitating withdrawal symptoms over the course of more than a week. Plaintiff suffered with drenching sweats, nausea, inability to eat meals, delirium-tremens, severe hallucinations, disorientation, insomnia, and severe anxiety. Plaintiff sweat through his bedsheets, which he was unable to change for an entire week. Plaintiff's anxiety made it difficult for him to breathe. These symptoms remained intense for

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 7
No. C22-0567-JHC

**CORR CRONIN LLP**
1015 Second Avenue, 10th Floor
Seattle, Washington 98104
Tel (206) 625-8600
Fax (206) 625-0900

many days and nights.

39.     Withdrawal from alcohol, when properly treated, causes individuals to experience emotional distress and physical discomfort. But Defendants' refusal to provide treatment for severe alcohol withdrawal greatly increased the severity and impact of these symptoms on Plaintiff.

40.     The Agency's clinical guidance states that inmates should be closely monitored, with frequent scoring on the CWA scale as frequently as every hour.

41.     Upon information and belief, Defendants did not closely monitor Plaintiff's condition.

42.     Upon information and belief, Defendants did not measure Plaintiff's symptoms on the CWA score after November 12.

43.     In addition to denial of treatment for severe alcohol withdrawal, Defendants also denied Plaintiff other regularly prescribed medication.

44.     Plaintiff suffered additional withdrawal symptoms because Defendants did not provide suboxone to treat Plaintiff's addiction to opiates.

45.     Plaintiff suffered severe depression because Defendants abruptly stopped Plaintiff from taking sertraline (Zoloft) to treat Plaintiff's depression and anxiety.

46.     Plaintiff suffered additional pain and suffering because Defendants unilaterally decreased Plaintiff's dose of trazodone from 100 mg to 25mg, exacerbating Plaintiff's withdrawal symptoms. Plaintiff was already suffering from withdrawal-related insomnia, and the abrupt reduction in medication intensified Plaintiff's extreme emotional distress and suffering.

47.     During Plaintiff's pain, suffering, and mental anguish, Plaintiff experienced

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 8
No. C22-0567-JHC

CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, Washington 98104
Tel (206) 625-8600
Fax (206) 625-0900

suicidal ideation for the first time in his life. Plaintiff had never had thoughts of self-harm or suicidal thoughts before, and the sudden onset of suicidal ideation caused Plaintiff to suffer additional emotional distress. Plaintiff feared that he would never see his 6-year-old son or family ever again.

48.    Plaintiff also feared for his safety, and was concerned that he would injure himself or die while in detention. Plaintiff had never felt so sick or experienced such severe mental, emotional, and physical torment. Additionally, Plaintiff's hallucinations and depression made it impossible to understand what was real and what was not real.

49.    Although Plaintiff no longer consumes alcohol, Plaintiff's anxiety has worsened since these events and he has had difficult falling and staying asleep.

### FIRST CAUSE OF ACTION

### Negligence

### (Federal Tort Claims Act – Defendant United States of America)

50.    Plaintiff re-alleges and incorporates by reference paragraphs 1-49 as if set forth fully herein.

51.    The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680 authorizes monetary recovery for damages, loss of property, personal injury or death in suits where damages occurred as a result of the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

52.    Prior to bringing this action, Plaintiff filed an administrative claim with the

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 9
No. C22-0567-JHC

CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, Washington 98104
Tel (206) 625-8600
Fax (206) 625-0900

appropriate agency and the claim was denied (**Exhibit A**). 28 U.S.C. § 2675(a).

53.    Defendant United States, through Defendant Bussell and other medical providers, owed Plaintiff a duty to provide adequate medical care. Defendant Bussell and other federal employees had a duty to act as would a reasonable and ordinarily prudent person under the same or similar circumstances. Each physician had a duty to act as would a reasonable physician under the circumstances.

54.    The duty owed by Defendant United States through Defendant Bussell and other federal employees with respect to medical supervision over inmates suffering from withdrawal is emphasized and explained in the clinical guidance set by the Agency.

55.    The duty to provide adequate medical care to inmates, including Plaintiff, is non-delegable.

56.    Defendant breached it duties by, among other acts and omissions, failing to provide adequate medical care, and by denying Plaintiff the medical care that had been prescribed to treat his serious condition.

57.    To the extent appropriate medical treatments were not available at FDC SeaTac, Defendant breached its duty by not having necessary medical treatments available to Plaintiff.

58.    Defendant breached its duty to Plaintiff by failing to train Defendant Bussell and other employees.

59.    The acts or omissions that breached Defendants' duties were not discretionary acts.

60.    As a direct and proximate cause of Defendants' negligence and/or the medical malpractice committed by federal agents described above, Plaintiff has suffered pain, mental anguish, and bodily injury.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 10
No. C22-0567-JHC

**CORR CRONIN LLP**
1015 Second Avenue, 10th Floor
Seattle, Washington 98104
Tel (206) 625-8600
Fax (206) 625-0900

61.     A reasonable physician would have foreseen that permitting a patient to continue to suffer from acute severe alcohol withdrawal and associated symptoms—with only mild medical intervention and without monitoring, follow-up, and other treatment—would lead to increased pain and suffering over the course of several days.

## SECOND CAUSE OF ACTION

### Violation of the Eighth Amendment

### (*Bivens* – Defendant Bussell and Doe Defendants)

62.     Plaintiff re-alleges and incorporates by reference paragraphs 1-61 as if set forth fully herein.

63.     Plaintiff has a constitutionally protected right under the Eighth Amendment to be free from cruel and unusual punishment.

64.     Federal officials, including Defendant Bussell and the Doe Defendants, violated Plaintiff's constitutional right.

65.     Defendants' acts or omissions were sufficiently harmful to evidence deliberate indifference to Plaintiff's serious medical needs. Defendants intentionally denied Plaintiff access to necessary medical care and/or intentionally interfered with the treatment for severe alcohol withdrawal prescribed for Plaintiff.

66.     Defendants' acts or omissions were both subjectively and objectively reckless.

67.     Defendants' acts or omissions proximately caused additional harm, pain and suffering, distress, and other injuries to Plaintiff.

68.     Plaintiff lacks a statutory cause of action against Defendants, or an available statutory cause of action does not provide monetary compensation against Defendant Bussell and the Doe Defendants.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 11
No. C22-0567-JHC

CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, Washington 98104
Tel (206) 625-8600
Fax (206) 625-0900

69.     This cause of action for the violation of Plaintiff's Eighth Amendment rights is brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). There is no other viable remedy for Plaintiff's claims against Defendant Bussell and the Doe Defendants. In *Bivens*, the Court reasoned that "where legal rights have been invaded . . . federal courts may use any available remedy to make good the wrong done."

70.     The United States Supreme Court has recognized a *Bivens* claim where prison officials failed to provide an inmate with proper medical care in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

71.     No appropriate immunity can be raised by Defendant Bussell and the Doe Defendants.

72.     Plaintiff does not have an adequate or complete remedy at law to redress the wrongs described herein. Plaintiff, and other similarly-situated individuals, are and will be irreparably injured by the conduct of Defendant Bussell and the Doe Defendants unless this Court grants the declaratory and injunctive relief sought by Plaintiff.

## PRAYER FOR BELIEF

Wherefore, Plaintiff respectfully requests relief as follows:

a.  Declaratory relief that the acts and omissions of Defendant Bussell and the Doe Defendants violate his rights under the Constitution.

b.  Injunctive relief ordering Defendant Bussell and the Doe Defendants to be required to receive training regarding treatment of alcohol withdrawal and to be required to follow official Agency policy.

c.  Compensatory damages from Defendants of an amount to be proven at trial.

d.  Presumed damages from Defendant Bussell and the Doe Defendants for violation

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 12
No. C22-0567-JHC

**CORR CRONIN LLP**
1015 Second Avenue, 10th Floor
Seattle, Washington 98104
Tel (206) 625-8600
Fax (206) 625-0900

of civil rights.

e.  Punitive damages from Defendant Bussell and the Doe Defendants for violation of

civil rights.

f.  Recovery of costs incurred in litigation.

g.  Any additional relief that the Court deems just, proper, and equitable.

DATED this 23rd day of September, 2022.

CORR CRONIN LLP


*s/ Eric A. Lindberg*
Eric A. Lindberg, WSBA No. 43596
1001 Fourth Avenue, Suite 3900
Seattle, WA 98154-1051
(206) 625-8600 Phone
elindberg@corrcronin.com

*Attorneys for Plaintiff*

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 13
No. C22-0567-JHC

CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, Washington 98104
Tel (206) 625-8600
Fax (206) 625-0900